UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:11-cr-00356-KJM |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| SERGIO MENDEZ, | |
| Defendant. | |

    Defendant moves for an order based on 18 U.S.C. § 3582(c), seeking early release from confinement under the sentence of this court and admission to home confinement. Defendant makes this motion in light of the increased risks to health that the coronavirus ("COVID-19") poses to incarcerated persons and, as he argues, to him in particular. For the following reasons, the court DENIES defendant's motion.

I. BACKGROUND

    On August 14, 2013, the court sentenced defendant Sergio Mendez to 262 months in prison followed by 60 months of supervised release on three counts of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841 (a)(1). Minutes of Sentencing, ECF No. 139; Indictment, ECF No. 10. On September 19, 2016, the court reduced defendant's sentence from 262 months in prison to 210 months in prison. Am. Judgment, ECF No. 380.

1

Defendant currently is serving his sentence at North Lake Correctional Institution in Baldwin, Michigan. Opp'n, Ex. 1 (Bureau of Prisons Public Information on Inmate Data), ECF No. 441-1. On April 3, 2020, defendant filed the instant motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mot., ECF No. 439. On April 13, 2020, the government filed an opposition. Opp'n.

## II.    LEGAL STANDARD

Defendant brings his motion for release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court to modify a sentence under certain circumstances. Under the current version of the statute, a motion for modification may be made by either the Director of the Bureau of Prisons (BOP) or by a defendant "after the defendant has fully exhausted all administrative rights to appeal[.]" 18 U.S.C. § 3582(c)(1)(A).

In order to modify a sentence and grant compassionate release following exhaustion, as relevant here, a district court engages in a two-step process. First, it must consider the familiar 18 U.S.C. § 3553(a) factors applicable at the original sentencing, to the extent they remain applicable at the time a motion is brought. 18 U.S.C. § 3582(c)(1)(A). Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." *Id.* 18 U.S.C. § 3582(c)(1)(A)(i). An alternative provision provides for consideration of a motion by a defendant who is 70 years or older, and is not applicable here. 18 U.S.C. § 3582(c)(1)(A)(ii).

## III.    DISCUSSION

The government argues defendant has not exhausted administrative remedies, and therefore his motion must be denied. Specifically, the government contends that, defendant has not shown he has "filed any renewed administrative request with the warden or with the BOP." Opp'n at 9. Defendant concedes he has not exhausted administrative remedies; he argues because BOP has not created an administrative process for prisoners avoiding exposure to COVID-19, exhausting all administrative remedies here would be "futile." Mot. at 6–8. As a result, defendant claims his motion falls under an exception to the exhaustion requirement and the risks associated with COVID-19 present an "extraordinary and compelling reason" for release. *Id.* at 8–9.

"The court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow." *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) (citing 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed," with certain narrow exceptions)). Though the law allows the court to reduce a sentence if it finds "extraordinary and compelling reasons" warrant such relief, that provision is only available

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A).  "The administrative exhaustion requirement admits of no exception." *Carver*, 2020 WL 1604968, at *1; *see also United States v. Holden*, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020) ("[T]he administrative-exhaustion provision of the [First Step Act (FSA)] is mandatory; it is a statutorily-created exhaustion provision rather than a judicially-created provision; and the FSA does not include 'its own textual exception' to the exhaustion provision.").

Though the exhaustion requirement is explicit in 18 U.S.C. § 3582(c), some district courts elsewhere in the country have determined a court may waive the exhaustion requirement in light of the emergency circumstances caused by the current pandemic.  *See, e.g.*, *United States v. Colvin*, No. 3:19-CR-179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (citing *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019)); *United States v. McCarthy*, No. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *4 (D. Conn. Apr. 8, 2020).  However, this court continues to believe it is bound by the Ninth Circuit with respect to statutory exhaustion requirements; the Circuit has observed that "while judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court." *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) (citation omitted); *see also Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) ("[I]f exhaustion

'is a statutorily specified prerequisite'—as opposed to a judicially created one—'[t]he requirement is . . . something more than simply a codification of the judicially developed doctrine of exhaustion, and may not be dispensed with merely by a judicial conclusion of futility[.]'" (quoting *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975))).

Because defendant concedes he has not exhausted his administrative remedies, his motion must be DENIED without prejudice.

IV.   CONCLUSION

While "it is indisputable that the COVID-19 outbreak is unprecedented and poses a heightened risk to those in this nation's prisons and jails," "absent congressional action to relieve inmates of the exhaustion requirement," the court is unable to reach the merits of defendant's motion at this time. *Carver*, 2020 WL 1604968, at *1.

The motion is DENIED, without prejudice to renewal following exhaustion.

This order resolves ECF No. 439.

IT IS SO ORDERED.

DATED: June 15, 2020.

CHIEF UNITED STATES DISTRICT JUDGE