UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>                      Plaintiff,<br><br>    v.<br><br>Sergio Mendez,<br><br>                      Defendant. | No. 2:11-cr-00356 KJM<br><br>ORDER |

Defendant Sergio Mendez renews his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The government opposes the renewed motion. For the reasons stated below, the court **denies** the motion.

I. **BACKGROUND**

The court explained the background of Mr. Mendez's case in its previous order, Prev. Order at 1–2, ECF No. 442, and thus declines to do so here. On June 15, 2020, this court denied Mr. Mendez's original motion for compassionate release because he had not exhausted his administrative remedies. Prev. Order at 2. Now having exhausted his claims, Mr. Mendez renews his motion for compassionate release. Mot. at 6, ECF No. 443; *see* Inmate Req. to Staff Ex. A, ECF No. 443-1 & Denial of Req. Ex. B, ECF No. 443-2. The government opposed, Opp'n, ECF No. 447. The matter is fully briefed. Reply, ECF No. 450.

1

## II. LEGAL STANDARD

The district court that imposed a custodial sentence can modify the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. The defendant must first exhaust administrative remedies. *Id.* § 3582(c)(1)(A). If a defendant has exhausted administrative remedies, the analysis is twofold. First, the court must find "extraordinary and compelling reasons warrant" the requested reduction. *Id.* § 3582(c)(1)(A)(i). Second, the court must consider the same factors that were applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable. *See id.* § 3582(c)(1)(A).

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). In 2006, the Sentencing Commission issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended November 1, 2018). The Ninth Circuit recently has clarified: "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda,* No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021). Thus, the court here adheres to its prior practice of considering the Sentencing Commission's policy statement as guidance, recognizing that applying the policy statement is not required.

Although the Ninth Circuit has not decided which party "bears the burden in the context of a motion for compassionate release brought pursuant to § 3582(c) as amended by the [First Step Act], district courts to have done so have agree that the burden remains with the defendant." *United States v. Becerra*, No. 18-0080, 2021 WL 535432, at *3 (E.D. Cal. Feb. 12, 2021).

## III. ANALYSIS

The government agrees that Mr. Mendez has satisfied the exhaustion requirement of § 3582(c). Opp'n at 4. The court thus considers whether Mr. Mendez has demonstrated his motion is supported by extraordinary and compelling reasons and whether applicable sentencing factors of § 3553(a) weigh in favor of granting his motion.

/////

Many federal district courts, including this court, have found that defendants can demonstrate "extraordinary and compelling reasons" for compassionate release under § 3582(c)(1)(A)(i) if they show (1) their health conditions put them at increased risk of severe COVID-19 symptoms and (2) they are at risk of infection because their facility is currently suffering from a COVID-19 outbreak or is at risk of an outbreak. *See, e.g.*, *United States v. Terraciano*, 492 F. Supp. 3d 1082 (E.D. Cal. 2020). To assess whether a defendant suffers from health conditions that place them at increased risk of severe COVID-19 symptoms, district courts often review a defendant's medical records, U.S. Centers for Disease Control (CDC) public health guidelines, and other relevant exhibits or expert reports. *See e.g., United States v. Nassar*, No. 17-00104, 2021 WL 1105314, at *1 (E.D. Cal. Mar. 23, 2021) (reviewing defendant's medical records and CDC guidelines on what medical conditions elevate a person's risk of contracting severe COVID-19 symptoms); *USA v. Estrada-Vasquez*, No. 17-00588, 2020 WL 7319429, at *2 (N.D. Cal. Dec. 11, 2020) (evaluating defendant's motion for compassionate release in light of expert report concluding defendant's health conditions meant he faced a 10% chance of hospitalization and death if re-infected with COVID-19).

Here, Mr. Mendez asserts he suffers from anxiety, depression, and chronic back and shoulder pain that "likely elevate his risk of complications if exposed to COVID-19. Mot. at 6. As evidence of these medical conditions, Mr. Mendez cites to his presentence report and his pro se motion for appointment of counsel. *Id.* at 6; Presentence Report ¶¶ 40–41, ECF No. 132 (Mr. Mendez suffered from "fatigue and shoulder and back pain" since August 2011 and "in June 2013, [he] was diagnosed with depression and anxiety and was prescribed an unknown medication by a psychologist with whom he will meet on a monthly basis."); Mot. for Appointment of Counsel, ECF No. 397 (Mr. Mendez explains he suffers from back and shoulder pain in motion not signed under penalty of perjury). Mr. Mendez's BOP medical records report that he receives "counseling" but do not confirm a diagnosis of depression or anxiety. BOP Medical Records at 2 & 7, ECF 452-1 (under seal). Mr. Mendez has not submitted any medical records with either the original or renewed motion for compassionate release.

/////

Even if this court were to give weight to the unsubstantiated documents that Mr. Mendez cites, they would not justify his release. The CDC does not list any of Mr. Mendez's medical conditions as ones that might present a higher likelihood an individual will become severely ill from COVID-19. *See* U.S. Ctrs. for Disease Control, *People with Certain Medical Conditions* (updated April 29, 2021).[1] To the court's knowledge, no district court has found depression, anxiety, or chronic back and shoulder pain as an extraordinary and compelling reason to grant compassionate release. Some district courts have determined that mental health conditions are an insufficient basis to find extraordinary and compelling reasons exist for granting a motion for compassionate release. *See United States v. Anderson*, No. 17-00595, 2020 WL 2838797, at *2 (N.D. Cal. June 1, 2020) (defendant's depressive disorder did not qualify as extraordinary and compelling medical condition to warrant compassionate release). While the court can sympathize with conditions manifesting as chronic pain and mental health illness, they do not demonstrate an extraordinary and compelling reason to reduce Mr. Mendez's sentence here. *United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release.").

**IV. CONCLUSION**

The court **denies** Mr. Mendez's renewed motion for compassionate release.

This order resolves ECF No. 443.

IT IS SO ORDERED.

DATED: May 19, 2021.

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, last visited May 10, 2021.