UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Sergio Mendez,<br><br>　　　　　　　Defendant. | No. 2:11-cr-00356-KJM<br><br>ORDER |

　　　　The Ninth Circuit remanded this court's order denying Sergio Mendez's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 for the limited purpose of granting or denying a certificate of appealability. For the reasons set forth below, the court **denies** the certificate of appealability.

**I.     BACKGROUND**

　　　　Sergio Mendez was indicted in 2011 for his role in a conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See generally* Indictment, ECF No. 10. Mendez pled guilty, *see* Plea Hr'g Mins., ECF No. 110, and the court subsequently sentenced Mendez to 262 months imprisonment, *see* Sent. Mins., ECF No. 139; *see also* Sent. Hr'g Tr. at 28,[1] ECF No. 208.

---

[1] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

1

1    In 2016, Mendez filed a motion to vacate, set aside or correct his sentence under
28 U.S.C. § 2255, *see* § 2255 Mot., ECF No. 388, which this court denied, *see* Prior Order
(Feb. 15, 2023), ECF No. 454.  Mendez then filed a notice of appeal to the Ninth Circuit.  *See*
Appeal Notice, ECF No. 455.  The Ninth Circuit remanded the matter back to this court for the
limited purpose of granting or denying a certificate of appealability.  *See* USCA Order, ECF
No. 459.

**II.    LEGAL STANDARD**

To appeal a district court order denying relief under 28 U.S.C. § 2255, a petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matters, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In the order determining whether to issue a certificate of appealability, "the district court shall indicate which specific issue or issues satisfy the standard for issuing a certificate, or state its reasons why a certificate should not be granted."  *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (citing 28 U.S.C. § 2253(c)(3)).

**III.   ANALYSIS**

Here, the court finds Mendez has not made a substantial showing of the denial of a constitutional right.  Mendez's Section 2255 motion was premised on the argument he received ineffective assistance of counsel during plea negotiations and sentencing.  § 2255 Mot. at 4–6.  The court denied Mendez's motion because he was unable to establish there was a reasonable probability there would have been a different outcome if Mendez had received the legal assistance he argued was due, as required under *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  *See* Prior Order (Feb. 15, 2023) at 5.  Upon review, the court finds reasonable jurists could not debate this conclusion.  Accordingly, because Mendez did not make a substantial

/////

showing of the denial of a constitutional right, the court declines to issue a certificate of appealability.

### IV. CONCLUSION

For the foregoing reasons, the court **declines** to issue a certificate of appealability. The Clerk of the Court is directed to file this order with the Ninth Circuit Court of Appeals, Case No. 23-3477.

IT IS SO ORDERED.

DATED: April 2, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE