UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:11-cr-00356-KJM |
| Plaintiff, | ORDER |
| v. | |
| Sergio Mendez, | |
| Defendant. | |

Defendant Sergio Mendez seeks to reduce his sentence under 18 U.S.C § 3582(c)(2) based on the retroactive application of Amendment 821 to the U.S. Sentencing Guidelines. For the reasons set forth below, the court **denies** defendant's pending motions.

I.     BACKGROUND

On May 29, 2013, Mendez pled guilty to conspiracy to distribute and to distribution of at least 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); and distribution of at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Plea Hr'g, ECF No. 110; Indictment, ECF No. 10. The probation officer then prepared a presentence investigation report (PSR) and determined Mendez had a total offense level of 37 and had accrued six criminal history points from prior convictions which established a criminal history category of III. PSR ¶¶ 24–33, ECF No. 132; *see also* U.S.S.G. ch. 5, part A. At sentencing, the court adopted the PSR without change. Sentencing Mins., ECF No. 139; Statement of Reasons (SOR)

1  at 1.  Mendez was sentenced to a total term of 262 months.  Sentencing Mins.; First Am. J. at 3-6;
2  ECF No. 152.  Three years later, following a stipulated motion and the retroactive application of
3  Amendment 782 to the U.S. Sentencing Guidelines, the court reduced Mendez's sentence to 210
4  months and his offense level to 35.  *See* Stip. Order at 3, ECF No. 379; Second Am. J., ECF No.
5  380.  All other provisions of the original judgment remained in effect.  Stip. Order at 3.

6  Mendez now seeks to reduce his sentence based on the retroactive application of
7  Amendment 821 to the U.S. Sentencing Guidelines.  *See* First Mot., ECF No. 460; Second Mot.,
8  ECF No. 461.  The court referred the matter to the Federal Defender's Office under General
9  Order 670, *see* Min. Order (Mar. 25, 2024), ECF No. 462, and the Federal Defender's Office gave
10  notice that it would not assume representation, *see* Notice, ECF No. 464.  The government filed
11  an opposition against Mendez's motions, *see* Opp'n, ECF No. 465, and Mendez replied, *see*
12  Reply, ECF No. 466.

13  **II.    LEGAL STANDARD**

14  Generally, a federal court "may not modify a term of imprisonment once it has been
15  imposed[.]"  18 U.S.C. § 3582(c).  However, an exception applies "in the case of a defendant who
16  has been sentenced to a term of imprisonment based on a sentencing range that has subsequently
17  been lowered by the Sentencing Commission[.]"  *Id.* § 3582(c)(2).  In such cases, "the court may
18  reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the
19  extent that they are applicable, if such a reduction is consistent with applicable policy statements
20  issued by the Sentencing Commission."  *Id.*  This requires the court to engage in a two-step
21  inquiry.  *Dillon v. United States*, 560 U.S. 817, 826–27 (2010).  First, the court determines
22  whether a defendant is eligible for a sentence modification.  *Id.* at 827.  This is done by
23  determining whether "the amended guideline range that would have been applicable to the
24  defendant had the relevant amendment been in effect at the time of the initial sentencing."  *Id.*
25  (citation omitted).  Second, the court must consider any applicable section 3553(a) factors and
26  determine whether to exercise its discretion to reduce a sentence.  *Id.*
27  /////
28  /////

## III. ANALYSIS

Mendez argues he is entitled to a sentence reduction under the retroactive application of Amendment 821, which modifies specific aspects of the U.S. Sentencing Guidelines. *See* First Mot.; Second Mot.; Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 has two sections—Parts A and B. U.S.S.G. Amend. 821, pt. A.[1] Part A limits the criminal history impact of "status points" under U.S.S.G. § 4A1.1, while Part B provides a two-level reduction for certain zero-point offenders under U.S.S.G § 4C1.1. *Id.* Mendez argues he is entitled to a sentence reduction under both Parts. *See* First Mot.; Second Mot.

First, Mendez argues because he has zero criminal history points, he is entitled to a sentence reduction under § 4C1.1. First Mot. at 2. Amendment 821 provides, under Part B, Subpart 1, a two-level reduction in the offense level of certain zero-point offenders, meaning defendants who received zero criminal history points. U.S.S.G. § 4C1.1. Here, while Mendez's original sentence was reduced to 210 months and his offense level was reduced to 35, all other provisions from the original judgment remain in effect. *See* Stip. Order at 3, ECF No. 379. The PSR, which the court adopted without change at sentencing, indicates Mendez has six criminal history points from prior convictions. Therefore, he does not qualify for a sentence reduction under § 4C1.1. *See, e.g.*, *United States v. Aguilar*, No. 13-00296, 2024 WL 1521382, at *1 (E.D. Cal. Apr. 8, 2024) (finding defendant ineligible for a sentence reduction because he had one criminal history point).

Second, Mendez asserts he is entitled to a sentence reduction under § 4A1.1(e). Second Mot. at 2. Under Part A, Amendment 821 reduces the number of status points assigned to defendants who committed the instant offense while under any criminal justice sentence. *Compare* U.S.S.G. § 4A1.1(e) (2023) *with* U.S.S.G. § 4A.1.1(d) (2022). Previously, two additional status points were added if the defendant committed the instant offense while under any criminal justice sentence. U.S.S.G. § 4A1.1(d) (2022). Now the status point provision only

---

[1] Amendment 821, U.S. Sent'g Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited June 3, 2024).

adds one status point for such offenders with seven or more criminal history points and zero status points for offenders with six or fewer criminal history points. U.S.S.G § 4A1.1(e) (2023). Here, as the government points out in opposition, Mendez did not receive any "status points" at sentencing, because he did not commit the instant offense while under any criminal justice sentence. *See* PSR ¶¶ 26–33; Statement of Reasons; Opp'n at 4. Therefore, while Mendez is correct in stating he has six criminal history points, *see* Second Mot. at 2, none of those points are "status points," so Part A of Amendment 821 does not lower his criminal history score nor his advisory guideline range. *See, e.g.*, *United States v. Nguyen*, No. 03-00158, 2024 WL 1701903, at *1 (D. Nev. Apr. 18, 2024) (finding defendant ineligible for a sentence reduction under U.S.S.G. § 4A1.1 because defendant did not receive any status points at sentencing). Accordingly, because Amendment 821 does not impact Mendez's sentence, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

**IV.    CONCLUSION**

For the reasons set forth above, the court **denies** Mendez's motions to reduce his sentence under 18 U.S.C § 3582(c)(2).

This order resolves ECF Nos. 460 and 461.

IT IS SO ORDERED.

DATED: June 4, 2024.

CHIEF UNITED STATES DISTRICT JUDGE